UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONNY ALLEN MAYER,

       Plaintiff,

v.

CHAD SCHEPP, MINERVA SANTIAGO, ROSE LARSON, and MICHAEL WILKERSON,

       Defendants.

Case No. 22-CV-1296-JPS

**ORDER**

  Plaintiff Lonny Allen Mayer, an inmate confined at the Milwaukee County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

  On November 28, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $4.78. ECF No. 9. Plaintiff paid that fee on July 5, 2023. The Court will grant Plaintiff's motion for leave to proceed without

prepaying the filing fee. ECF No. 6. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

**2.     SCREENING THE COMPLAINT**

**2.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2  Plaintiff's Allegations

Plaintiff alleges that on August 5, 2017, he was arrested by the Franklin Police Department based on a parole warrant put out by his parole agent, Defendant Chad Schepp ("Schepp"). ECF No. 1 at 3. Plaintiff was booked into custody at the Milwaukee County Jail and later taken to the parole holding facility at the Milwaukee Secure Detention Facility. *Id.* Schepp demanded admissions from Plaintiff about any acts of domestic violence towards his girlfriend. *Id.*

On February 8, 2019, Plaintiff was arrested by the Milwaukee Police Department for a VIP warrant that was put out by Agent Juan Ramas. *Id.* Plaintiff was again booked into custody at the Milwaukee County Jail and later taken to the parole holding facility at the Milwaukee Secure Detention Facility. *Id.* Defendant Agent Minerva Santiago again demanded admissions from Plaintiff about acts of domestic violence. *Id.* On both of these occasions, Plaintiff's supervision was revoked pursuant to "nothing more than rule violations" after each agent discovered that Plaintiff used vulgar language, threats, and called his girlfriend derogatory names. *Id.* at 4.

Unbeknownst to Plaintiff, the agents on both occasions disclosed the information and evidence to the District Attorney's office only months prior to Plaintiff's release from his revocation sentences. *Id.* Based on this information, prosecutor Nicolas Heitman used the information and these

agents as the basis for a new criminal proceeding. *Id* Plaintiff claims that the disclosure and subsequent criminal proceedings violated his Fifth Amendment right prohibiting self-incrimination. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff may not proceed on a Fifth Amendment claim. The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Supreme Court has held that the Amendment protects the individual against being involuntarily called as a witness against himself in a criminal prosecution and also protects him from answering "official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973).

One does not lose the protection of the Fifth Amendment by reason of a criminal conviction. *Minn. v. Murphy,* 465 U.S. 420, 426 (1984). "[A] district court may require, as a term of supervised release, that a defendant submit to polygraph testing ... but a defendant retains his Fifth Amendment rights during any such testing." *United States v. Weber,* 451 F.3d 553, 568 n. 17 (9th Cir. 2006) (citing *United States v. Antelope,* 395 F.3d 1128, 1134–41 (9th Cir. 2005)). Thus, a probationer can be required to appear and discuss matters relating to his probationary status; "such a requirement, without more, does not give rise to a self-executing privilege." *See Murphy,* 465 U.S. at 435. But "the result may be different if the questions put to the probationer, however relevant to his probationary status, call for answers that would incriminate him in a pending or later criminal prosecution." *Id.* at 435.

In *Murphy*, the defendant challenged a condition of his probation requiring him to "be truthful with [his] probation officer 'in all matters' " or "return to the sentencing court for a probation revocation hearing," arguing that this condition unconstitutionally forced him to choose between making self-incriminating disclosures or returning to prison. *Id.* at 422. The Court held that there was no Fifth Amendment violation because the defendant "could not reasonably have feared that the assertion of the privilege would have led to revocation," given that the state would have provided a hearing before revocation, and defendant could have raised the privilege as a reason for noncompliance, and that the defendant could point to no case in which Minnesota revoked probation when a probationer "refused to make nonimmunized disclosures concerning his own criminal conduct." *Id.* at 439. The Court said that the outcome would have differed if the state "expressly or by implication, assert[ed] that invocation of the privilege would lead to revocation of probation," because this would have resulted in "the classic penalty situation." *Id.* at 435.

Here, Plaintiff alleges that his parole agent demanded admissions from him about any acts of domestic violence towards his girlfriend, and that these admissions ultimately led to criminal proceedings. While these allegations at the pleading stage are sufficient that the agents' questions called for answeres that could incriminate him, Plaintiff does not allege any facts that he could have reasonably feared that failure to answer the questions would have led to revocation. There is no allegation that the parole agent either expressly or by implication suggested that Plaintiff's invocation of his Fifth Amendment rights would have led to revocation of probation. As such, the Court finds that Plaintiff fails to state a Fifth Amendment claim.

Second, even if Plaintiff can successfully state a claim in an amended complaint, the Court finds that any such claim would likely be barred by the *Younger* doctrine. The *Younger* abstention doctrine prohibits federal judges from intervening in state prosecutions unless there are extraordinary circumstances involved. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts must abstain from exercising jurisdiction over federal constitutional claims that may interfere with on-going state proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Extraordinary circumstances exist only where the danger of irreparable loss is both great and immediate. *Younger*, 401 U.S. at 45.

Federal claims arising from illegal searches, seizures, and detentions involve constitutional issues that a criminal defendant can litigate during the course of the state criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 751 (7th Cir. 2013). Such issues do not present a danger of irreparable and immediate loss, because the criminal defendant can address them during his trial in state court. *See id*. If the criminal defendant loses at trial, he can appeal to a higher state court, such as the Wisconsin Court of Appeals or the Wisconsin Supreme Court, for relief. *Id.* For that reason, federal courts stay civil rights cases pending in federal courts until any state criminal case from which the plaintiff's federal claims may arise is resolved. *Id.*

To begin, it is not clear whether Plaintiff's allegations stem from an open criminal case. Public records show nine open criminal cases against Plaintiff. *See* Wisconsin Circuit Court Access, Case Search Results, https://wcca.wicourts.gov/caseSearchResults.html (last visited on Oct. 26, 2023). Because the Plaintiff's state criminal case likely is not over, there is nothing the federal court can do for him at this time. In order for this Court to consider Plaintiff's claims, he must complete his underlying criminal

Page 6 of 10
Case 2:22-cv-01296-JPS    Filed 10/30/23    Page 6 of 10    Document 18

cases and then exhaust all of his appellate, or post-conviction, options in state court. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995). This Court can consider his constitutional claims only after Plaintiff has litigated his claims to the highest state court.

The Court will allow Plaintiff the opportunity to amend his complaint to cure the deficiencies identified in this Order. If Plaintiff amends his complaint to state a Fifth Amendment claim, he must make clear whether any criminal proceedings relevant to complaint are still pending. At that time, the Court would determine whether the claims are barred by the *Younger* doctrine and whether it would administratively close the case until resolution of the criminal cases. Finally, the Court cautions Plaintiff that if his state-court case results in a conviction, he may not be able to proceed with his claims in this case; the Court would have later to dismiss this case on the merits if a judgment in his favor would imply the invalidity of a state conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff may amend his complaint on or before **November 20, 2023.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his

Page 7 of 10
Case 2:22-cv-01296-JPS   Filed 10/30/23   Page 7 of 10   Document 18

amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 6, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **November 20, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $345.22 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.